# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| AMON W. PERSHALL, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) Case No. CIV-13-626-M |
| | ) |
| GENE CAIN, | ) |
| Caddo County Sheriff | ) |
| | ) |
| Respondent. | ) |

## REPORT AND RECOMMENDATION

Petitioner, a state prisoner appearing pro se, brings this action pursuant to 28 U.S.C. § 2254, seeking habeas relief from his state court convictions. Chief United States District Judge Vicki Miles-LaGrange[1] has referred this matter to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B). The petition has been promptly examined in accordance with Rule 4 of the Rules Governing Section 2254 Cases, and for the following reasons it is recommended that the petition be dismissed upon filing.

By this action, Petitioner challenges his convictions after a guilty plea to DUI and transporting an open bottle or container of liquor for which Petitioner was sentenced to a ten years and six months imprisonment, respectively, all suspended. ECF No. 1:1. Case No. CF-2009-102, District Court of Caddo County. *Id.* Petitioner's sentence was

---

[1] The order of referral was entered by United States District Judge David L. Russell, but the case has since been transferred to Chief Judge Miles-LaGrange. ECF Nos. 4-5.

1

later revoked in full on March 14, 2013, and he was sentenced to ten years imprisonment with credit for time served. Case No. CF-2009-102, District Court of Caddo County; Oklahoma State Courts Network (OSCN), Non-OCIS Counties, http://www1.odcr.com/detail?court=008-&casekey=008-CF++0900102 (accessed June 27, 2013). Petitioner is currently appealing his revocation in the Oklahoma Court of Criminal Appeals. RE-2013-279, Oklahoma Court of Criminal Appeals; OSCN http://www.oscn.net/applications/oscn/GetCaseInformation.asp?submitted=true&viewtype=caseGeneral&casemasterID=111654&db=Appellate (accessed June 27, 2013). That appeal is still pending. *Id.*

Petitioner raises four grounds for relief. First, he alleges that he was not eligible for a suspended sentence because of two prior felony convictions. ECF No. 1:5. Second, he claims that the "twenty day requirements" for a hearing on the revocation application was violated. *Id.* Third, he contends that his right against double jeopardy was violated by the revocation. ECF No. 1:8. Fourth, Petitioner argues that his right to remain silent was violated. ECF No. 1:10.

Section 2254(b)(1) generally requires a state prisoner to exhaust state court remedies prior to commencing a federal habeas action. *Bland v. Sirmons*, 459 F.3d 999, 1011 (10th Cir. 2006). In this Circuit, a petitioner may satisfy the requirement by showing either "that a state appellate court has had the opportunity to rule on the same claim presented in federal court or that at the time he filed his federal petition, he had no available state avenue of redress." *Miranda v. Cooper*, 967 F.2d 392, 398 (10th Cir.

1992) (citation omitted). *See also* 28 U.S.C. § 2254(c) ("An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented."). Petitioner bears the burden of showing that his state court remedies have been exhausted. *Hernandez v. Starbuck*, 69 F.3d 1089, 1092 (10th Cir. 1995).

The undersigned finds that it is proper to raise the issue of exhaustion sua sponte. *See Allen v. Zavaras*, 568 F.3d 1197, 1202 (10th Cir. 2009) (upholding district court's sua sponte dismissal of petition for habeas relief for failure to exhaust state court remedies where petitioner's failure to exhaust was clear on face of petition); *Odum v. Boone*, 62 F.3d 327, 333 n.2 (10th Cir. 1995) ("We agree with the magistrate judge's conclusion that a court may raise the defense of nonexhaustion *sua sponte*."); *Darks v. Ward*, No. 96-6086, 1997 WL 346044, at *1 (10th Cir. June 24, 1997) (upholding sua sponte dismissal because Oklahoma Court of Criminal Appeals had not yet decided appeal at time habeas petition was filed.). Further, the undersigned's decision to raise sua sponte Petitioner's failure to exhaust his state court remedies does not present a due process problem as Petitioner will have the opportunity to address the matter by filing an objection to this Report and Recommendation with the Court. *Cf. Smith v. Dorsey*, No. 93-2229, 1994 WL 396069, at *3 (10th Cir. July 29, 1994).

In "limited circumstances," the district court may stay the petition and hold it in abeyance while the petitioner returns to state court to exhaust his claims. *See Rhines*

*v. Weber*, 544 U.S. 269, 277 (2005); *see also Moore*, 288 F.3d at 1235 n.4. This is not one of the limited circumstances where a stay and abeyance is appropriate as nothing in the petition shows good cause to excuse Petitioner's failure to exhaust his claims prior to seeking habeas review in this Court. Furthermore, Petitioner is unlikely to face a limitations issue if the petition is dismissed without prejudice as the appeal of his revocation has not yet been decided.

After reviewing the petition, the undersigned finds it clear that Petitioner has not exhausted his state court remedies with regard to any of his claims. He candidly admits that his appeal is pending, and the State's electronic filing system verifies that fact.

## RECOMMENDATION

Based upon the foregoing analysis, it is recommended that the Petition be dismissed upon filing as unexhausted. The undersigned notes that two letters appear in the docket inquiring about adding "plaintiffs," one of the letters written by a non-party. ECF Nos. 7-8. Obviously, such is not appropriate in this habeas action, and in light of this recommendation, such requests if construed as motions are moot. Petitioner is advised of his right to file an objection to this Report and Recommendation with the Clerk of this Court by **July 18, 2013**, in accordance with 28 U.S.C. § 636 and Federal Rule of Civil Procedure 72. Petitioner is further advised that failure to make timely objection to this Report and Recommendation waives his right to appellate review of both factual and legal questions contained herein. *Moore v. United States*, 950 F.2d 656 (10th Cir. 1991). The Clerk of the Court is directed to electronically forward a copy

4

of this Report and Recommendation to the Attorney General for the State of Oklahoma on behalf of the Respondent at fhc.docket@oag.state.ok.us.  This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the captioned matter.

**ENTERED** June 28, 2013.

_____
SHON T. ERWIN
UNITED STATES MAGISTRATE JUDGE